UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br><br>v.<br><br>SILVER LEAF LAWN & LANDSCAPE, INC. and JEFFREY M.B. KOLICH,<br>    Defendants. | Civil Action No. 2:21-cv-2381 |

## COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain the defendants Silver Leaf Lawn & Landscape, Inc. ("Silver Leaf") and Jeffrey M.B. Kolich (collectively, "Defendants") from violating Sections 207, 211, 215(a)(2) and 215(a)(5) of the FLSA and to recover unpaid compensation, plus an equal amount in liquidated damages pursuant to Section 216(c) of the Act, for Defendants' employees.

The Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Secretary's investigation reviewed Defendants' employment and pay practices from October 25, 2018 through October 24, 2020 (the "Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.

1

## Jurisdiction and Venue

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

## Defendants

3. Defendant Silver Leaf is a corporation within this Court's jurisdiction with an office at 12213 Wedd Drive, Overland Park, Kansas where it conducts business.

4. Silver Leaf is a full-service landscaping company.

5. Defendant Jeffrey M.B. Kolich has actively managed and supervised Silver Leaf's operations and its employees during the Investigation Period. Among other things, Kolich has hired and fired employees, set their work schedules, and set their pay rates.

6. Kolich has acted directly or indirectly in Silver Leaf's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

7. During the Investigation Period, Defendants engaged in business within Johnson County, within this Court's jurisdiction.

## The FLSA Applies to Defendants

8. Silver Leaf is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

9. Silver Leaf is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an

annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

## FLSA Violations

10. Defendants also repeatedly violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek. Defendants failed to pay overtime rates for certain hours worked over 40 in a single workweek and failed to combine hours when employees worked in two different positions in the same week. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

11. Defendants violated Sections 211 and 215(a)(5) of the FLSA when they failed to keep complete and accurate records. 29 U.S.C. §§ 211, 215(a)(5), 29 C.F.R. Part 516. Defendants could not provide time records for payroll periods prior to 2020 and failed to accurately record total premium pay for overtime hours.

## Remedies Sought

12. As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

13. Defendants may also owe additional back wages and liquidated damages, during the Investigation Period, to their employees whose identities the Secretary does not currently know.

14. As a result of their FLSA violations, Defendants have unlawfully withheld unpaid compensation from their employees.

**Prayer for Relief**

As a result of Defendants' repeated FLSA violations, the Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 207, 211, 215(a)(2) and 215(a)(5) of the FLSA. 29 U.S.C. § 217(a).

B. Finding Defendants liable for unpaid overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Secretary. 29 U.S.C. § 216(c).

C. If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

D. Providing such other relief as may be necessary and appropriate.

E. Awarding costs and granting such other and further relief as may be necessary and appropriate.

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/ Boyce Richardson
BOYCE N. RICHARDSON
U.S. Department of Labor
Office of the Solicitor
2300 Main Street, Suite 1020

Kansas City, Missouri 64108
816-285-7270
816-285-7287 (fax)
richardson.boyce.n@dol.gov

*Attorneys for Plaintiff Martin J. Walsh,
Secretary of Labor, United States Department
of Labor*